IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015


## STATE OF TENNESSEE V. RAY ROWLAND

**Appeal from the Criminal Court for Shelby County**
**No. 10-03516     James M. Lammey, Judge**

_____

**No. W2014-02311-CCA-R3-CD  -  Filed October 30, 2015**

_____


Ray Rowland ("the Defendant") filed a Motion for Return of Property pursuant to Rule 41(g)[1] of the Tennessee Rules of Criminal Procedure.  The trial court found that it did not have jurisdiction to hear the case and dismissed the Defendant's motion.  On appeal, we conclude that the trial court does have jurisdiction.  We reverse the judgment of the trial court and remand the case for a hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

M. Haden Lawyer, Memphis, Tennessee, for the appellant, Ray Rowland.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity and Billy Bond, Assistant District Attorneys General, for the appellee, State of Tennessee.

---

[1] The Defendant's motion is entitled "Rule 41(f) Motion/Petition for Return of Property." However, it is clear from the motion's content that it was filed pursuant to Rule 41(g) of the Tennessee Rules of Criminal Procedure.

# OPINION

## Factual and Procedural Background

The record on this case is very sparse. The Defendant was indicted with two counts of aggravated assault. He pleaded guilty to two counts of reckless endangerment, a Class A misdemeanor, on August 16, 2011. On August 22, 2014, the Defendant filed a Motion for Return of Property pursuant to Rule 41(g) of the Tennessee Rules of Criminal Procedure.

The Defendant's motion indicates that police arrived at the Defendant's house in response to reports that the Defendant fired a gun twice in the direction of Joshua Mobley. According to the Defendant, the police told him that they would come back with a search warrant, "tear up his house, and blowtorch his safe" if he did not consent to the search of his house. The Defendant consented to the search and opened his gun safe for the officers. The Defendant, a firearms collector, kept several items in that safe, and the police seized all forty-seven items found therein, including firearms and accessories. The Defendant's motion states that many of the items were "new, never used, and could not have been used in the crime." According to the Defendant's motion, the incident report "stated that the police were not able to determine which weapon was fired at the scene, despite finding two shell casings." The State filed no response to the Defendant's motion.

At a hearing on the Defendant's motion, the State noted that the Defendant had used a .32-caliber handgun in the commission of the offense. The State also noted that the police seized several other items from the Defendant's gun safe, including "rifles, scopes, ammunition that wasn't for a thirty-two caliber weapon . . . [and] items that were unused and still in their original packaging." However, the State argued that, in order for the Defendant to move for the return of his property under Rule 41(g), he must have filed a motion to suppress the evidence and then, "if the court finds it was unlawfully seized, [the Defendant] can ask the court to return the property." The State averred that the proper procedure was for the Defendant to file a writ of replevin for the return of his firearms from the sheriff's department. The Defendant argued that Rule 41(g) was the proper procedure to ask for the return of his property, contending that the search of his house was not legal because he did not voluntarily consent to the search.

The trial court stated that "it doesn't appear that [the property] was taken illegally." Further, the trial court commented, "I would think a writ of replevin in civil court, that could be answered there because that's where it's supposed to be. It's not supposed to be here." Additionally, the trial court opined that it could not order the district attorney's office to hand over the weapons that were not used in the offense because the weapons were in the possession of the sheriff's office, not the district

attorney. Consequently, the trial court ruled that it did not have jurisdiction to hear the Defendant's motion and that Rule 41 did not apply because the items were seized during a legal search. This timely appeal followed.

## Analysis

On appeal, the Defendant argues that the search of his home and seizure of his property was "invalid because it was not voluntary." Additionally, he contends that the Shelby County Criminal Court has jurisdiction to rule on his motion because the Advisory Commission Comments to Rule 41(g) state that courts of record of general criminal trial jurisdiction, such as Circuit and Criminal Courts, have jurisdiction over motions for the return of property. The State argues that the trial court properly concluded that it did not have jurisdiction to hear the Defendant's motion. The State contends that, in order for the trial court to have jurisdiction to rule on the Defendant's motion, the Defendant must have filed a motion to suppress the evidence seized in the search of his home prior to trial. According to the State, because the Defendant failed to file a motion to suppress prior to his guilty plea, the trial court has not ruled that his property was illegally seized, and therefore, the Defendant has no right to seek the return of his property pursuant to Rule 41(g). Additionally, the State claims that the trial court did not have jurisdiction to rule on the Defendant's motion because the judgment against the Defendant became final thirty days after its entry and the trial court no longer had the authority to enter additional orders.

Rule 41(g) of the Tennessee Rules of Criminal Procedure states:

**(g) Motion for Return or Suppression of Property.** A person aggrieved by an unlawful or invalid search or seizure may move the court pursuant to Rule 12(b) to suppress any evidence obtained in the unlawful search or seizure. If property was unlawfully seized, the aggrieved person may move for the return of the property. The motion shall be granted--except as to the return of contraband--if the evidence in support of the motion shows that:

(1) the search or seizure was made illegally without a search warrant or illegally with an invalid search warrant, or in any other way in violation of the constitutional protection against unreasonable searches and seizures;

(2) a search warrant was relied on, but the search warrant or supporting affidavit is legally insufficient on its face and hence invalid;

(3) the search warrant relied on was issued on evidence consisting in material part of willful or reckless misrepresentations of the applicant to the issuing magistrate, resulting in a fraudulent procurement;

(4) the search warrant does not describe the property seized, and the seized property is not of such a character as to be subject to lawful seizure without a warrant;

(5) the magistrate did not:

(A) make an original and two copies of the search warrant; or

(B) did not endorse on the warrant the date and time of issuance and the name of the officer to whom the warrant was issued; or

(6) the serving officer--where possible--did not leave a copy of the warrant with the person or persons on whom the search warrant was served.

A Rule 41(g) motion "is meant to apply only to courts of record of general criminal trial jurisdiction such as Circuit and Criminal Courts." Tenn. R. Crim. P. 41, Advisory Comm'n Comments.

Tennessee Code Annotated section 39-17-1317 states, "Any weapon that is possessed, used, or sold in violation of the law shall be confiscated by a law enforcement officer and declared to be contraband by a court of record exercising criminal jurisdiction." Tenn. Code Ann. § 39-17-1317(a). However, if there is no showing that the seized guns were used in the commission of an offense, their confiscation is unlawful. State v. Tony Alan Garretson, No. M2002-01262-CCA-R3-CD, 2003 WL 21077991, at *2 (Tenn. Crim. App. May 13, 2003).

The State's contention that the Defendant must first have filed a pre-trial motion to suppress before he may request the return of his property is without merit. This court has previously addressed a situation where the defendant pleaded guilty and then subsequently filed a motion for the return of his property. Our court stated:

Since the property seized from the appellant, *even though seized as the result of a lawful search*, was not contraband, was not linked to the crime for which he was convicted, and was not shown to be of a stolen character, *then the retention of the property by the law enforcement authorities would constitute an unlawful seizure* sufficient to allow the appellant the right to seek the return of his property.

State v. Leon Mayberry, No. 35, 1987 WL 5324, at *1 (Tenn. Crim. App. Jan. 14, 1987) (emphasis added); see also State v. Andre Wrister, No. 02C01-9212-CR-00293, 1993 WL 492701, at *2 (Tenn. Crim. App. Dec. 1, 1993) (stating that law enforcement authorities' retention of appellant's property constituted an unlawful seizure when there was no evidence that linked the property to the crime for which the appellant was convicted,

- 4 -

showed that the property was of a stolen nature, or involved in the crime in any way). Accordingly, it does not matter whether the search of the Defendant's home was valid. If the property that remains in the State's custody was not connected to the crime for which the Defendant was convicted and was not of a stolen nature, the State's continued retention of that property constitutes an illegal seizure, and the Defendant may be entitled to the return of his property under Rule 41(g).

Additionally, the State's argument that the trial court lacks jurisdiction because the judgment has become final is misplaced. The Defendant is not seeking to challenge his conviction or to reopen the proceedings against him. This court has granted relief to defendants who file a Rule 41(g) motion after they entered guilty pleas. See generally Tony Alan Garretson, 2003 WL 21077991; Andre Wrister, 1993 WL 492701; Leon Mayberry, 1987 WL 5324. The State attempts to distinguish these cases because "it is unclear how much time had passed between the defendant[s'] guilty plea and [their] filing of the motion." However, based on our reasons for granting relief in those cases, it does not matter when the defendants filed their motions. The State's continued retention of their property after their convictions constituted an unlawful seizure. Under the language of Rule 41(g), the defendants were entitled to move the court for the return of their property. The Defendant in this case enjoys the same right, even though he filed his motion three years after the judgment of conviction was entered. Accordingly, the trial court had jurisdiction to hear and enter a judgment on this motion.

Under the facts presented in the record, it certainly appears that some of the items that were seized in the search of the Defendant's gun safe were not involved in the offense for which the Defendant was convicted. However, we are unable to determine what items of the Defendant's property the State has in its possession and which, if any, were involved in the commission of the offense for which the Defendant was convicted. Therefore, we reverse the trial court's judgment and remand the case to the trial court for a hearing to determine whether the Defendant is entitled to the return of his property.

## Conclusion

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -